**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracee Croomes, | No. CV-25-03128-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| IntouchCX US Incorporated, | |
| Defendant. | |

Plaintiff Tracee Croomes believes her former employer, defendant IntouchCX US Inc., discriminated against her based on her race, sex, and age. Croomes also believes IntouchCX retaliated against her after she engaged in protected activity. Croomes received a right-to-sue letter from the EEOC in May 2024 and she filed suit against IntouchCX in August 2024. But that suit was dismissed in June 2025 because Croomes refused to participate. Croomes filed the present suit in July 2025. All the claims in this suit are untimely and are dismissed without leave to amend.

## BACKGROUND

The following facts are drawn from the filings in the present case and in Croomes's previous case, CV-24-3447-PHX-MTL. In November 2022, Croomes began working for IntouchCX at a call center. (Doc. 1-1 at 36; Doc. 17-1 at 2.) In February 2023, Croomes attended a team meeting with her "Team Lead," a woman identified only as Shannon. Doc. 1-1 at 64, CV-24-3447-PHX-MTL. Shannon used "her position to espouse her bigotry against [Croomes] and her team that were made of 95% African-American women by

calling [Croomes] and [her] other co-workers on her team 'Spicy.'" (Doc. 1-1 at 37.) Shannon took other unidentified actions that Croomes identifies as "aggressive and discriminatory towards [Croomes]." (Doc. 1-1 at 37.) Shannon was fired on an unidentified date "for being racist and discriminatory." (Doc. 1-1 at 37.)

On April 5, 2023, Croomes "took a typing test for a transfer to the Chat Department." (Doc. 1-1 at 36.) Croomes was told a supervisor named Stacy said Croomes "didn't pass the typing test." (Doc. 1-1 at 36.) Croomes believes there was an error in scoring the test and asked to retake it. (Doc. 1-1 at 36.) Stacy did not respond to Croomes's inquiries about retaking the test.

In May 2023, Stacy issued Croomes a final warning based on attendance issues. (Doc. 1-1 at 36.) Croomes believes the attendance warning was based on incorrect information. (Doc. 1-1 at 36.) In addition, while Stacy claimed Croomes could not transfer to the Chat Department because of the final attendance warning, another individual who was also on a final warning was allowed to transfer. (Doc. 1-1 at 36.) On June 13, 2023, Croomes was allowed to transfer to the Chat Department because Stacy "was no longer directly over the [chat] department." (Doc. 1-1 at 37.) Croomes appears to believe Stacy "discriminated and retaliated against [her]" by "denying [her] transfer repeatedly." (Doc. 1-1 at 37.)

In May 2023—shortly before Croomes transferred to the Chat Department—she "filed an inquiry" with the EEOC and had an intake interview that same month. (Doc. 1-1 at 37.) There was significant confusion and delay in scheduling an additional interview with the EEOC and Croomes was waiting for that additional interview when, on January 8, 2024, she was fired for taking "extra breaks." (Doc. 1-1 at 37.) Croomes had her additional interview with the EEOC in May 2024 and filed her EEOC charge on May 8, 2024. That charge stated Croomes had engaged in unidentified "protected activity" in September 2023 and after doing so the managers "would not look at [her] or engage in conversation with [her]." (Doc. 17-1 at 2.) The charge also stated Croomes had been disciplined in February 2023 for "attendance coding issues," and terminated in January

2024. (Doc. 17-1 at 3.) The charge alleged Croomes had been discriminated against based on her race and that she was "disciplined and discharged in retaliation." (Doc. 17-1 at 3.)

On May 9, 2024, the EEOC issued Croomes a right-to-sue notice. (Doc. 17-2 at 2.) That document warned Croomes that if she wished to file a lawsuit, she had to do so "WITHIN 90 DAYS" of receiving the right to sue. (Doc. 17-2 at 2.) On August 1, 2024, Croomes filed a lawsuit against IntouchCX in Maricopa County Superior Court. Doc. 1-1 at 36, CV-24-3447-PHX-MTL. On September 30, 2024, Croomes filed an amended complaint in state court and on November 15, 2024, Croomes filed a second amended complaint. Doc. 1-1 at 62, 95, CV-24-3447-PHX-MTL. Croomes did not serve IntouchCX until November 2024. After being served, IntouchCX removed the case to federal court. Doc. 1, CV-24-3447-PHX-MTL.

In March 2025, the court denied Croomes's motion to remand to state court and directed IntouchCX to respond to the second amended complaint. Doc. 23, CV-24-3447-PHX-MTL. IntouchCX filed a motion to dismiss on April 11, 2025. Doc. 24, CV-24-3447-PHX-MTL. Croomes did not file a response and, on May 21, 2025, the court ordered Croomes to file an opposition to the motion to dismiss no later than May 30. Doc. 26, CV-24-3447-PHX-MTL. Croomes then filed a largely indecipherable motion that the court denied. Docs. 27, 28, CV-24-3447-PHX-MTL. In denying Croomes's motion the court gave her until June 11 to file her opposition to the motion to dismiss. Doc. 28, CV-24-3447-PHX-MTL. Croomes again failed to file an opposition and on June 26, 2025, the court dismissed Croomes's suit without prejudice and directed entry of judgment. Docs. 29, 30, CV-24-3447-PHX-MTL. Croomes did not appeal.

On July 25, 2025, Croomes initiated the present suit by filing a complaint in Maricopa County Superior Court. (Doc. 1-1 at 34.) That complaint was very similar to her complaints in her previous suit. Croomes alleged that during her employment with IntouchCX she had been discriminated against based on her "race, sex and age." (Doc. 1-1 at 35.) Croomes also alleged she had been retaliated against "because [she] opposed discriminatory [acts]." (Doc. 1-1 at 39.) The complaint identified Title VII and the Arizona

- 3 -

1  Civil Rights Act ("ACRA") as the legal bases for the claims. (Doc. 1-1 at 39-40.)
2  IntouchCX was served and again removed the case to federal court. On September 30,
3  2025, IntouchCX filed a motion to dismiss. (Doc. 17.) Croomes was granted an extension
4  to October 28, 2025, to respond to that motion. (Doc. 19.) Instead of responding, Croomes
5  filed a motion to amend the complaint. (Doc. 20.) That motion included a proposed
6  amended complaint that purported to incorporate the earlier complaint and asserted an
7  additional claim for retaliation. The proposed amended complaint alleges IntouchCX
8  retaliated against Croomes on January 9, 2024, when it misrepresented "the reason for
9  [Croomes's] termination to the Arizona Department of Economic Security." (Doc. 20-2 at
10 3.)

11 On November 12, 2025, IntouchCX responded to Croomes's motion to amend her
12 complaint and also filed a second motion to dismiss. The second motion to dismiss argued
13 Croomes had not responded to Intouch's earlier motion to dismiss and asked the court to
14 summarily grant the earlier motion. On November 14, Croomes filed a response in
15 opposition to the motion to dismiss. Based on the contents of that response, it appears
16 Croomes intended that filing to be a response to IntouchCX's first motion to dismiss filed
17 on September 30, not the second motion to dismiss filed on November 12. (Doc. 23.)
18 Croomes then filed "Motion to Supplement the Record by Incorporating Exhibits by
19 Reference from Plaintiff's Proposed Amended Complaint and Motion for Leave to Amend
20 Complaint." (Doc. 24.) That motion is hard to understand as it seeks "permission to file the
21 supplement response" and claims "[t]his formally ties the exhibits to Plaintiff's current
22 argument." (Doc. 24 at 1.)

23 On November 21, IntouchCX filed a reply in support of its first motion to dismiss
24 arguing Croomes's opposition was untimely. (Doc. 25 at 1.) That reply prompted Croomes
25 to file a motion requesting permission to file an untimely opposition to the motion to
26 dismiss. (Doc. 26.) That motion requests the court deem timely the response to the motion
27 to dismiss Croomes filed on November 14. On November 26, 2025, IntouchCX filed a
28 motion for clarification regarding Croomes's motion to supplement. (Doc. 27.) That

- 4 -

motion complains IntouchCX is "unable to determine what relief Plaintiff is seeking" in her motion to supplement. (Doc. 27 at 1.) In her response to the motion for clarification, Croomes appears to argue her motion to supplement was intended to ensure that all of her exhibits were considered when evaluating the motion to dismiss and motion for leave to amend the complaint. (Doc. 30.) Finally, on December 1, 2025, Croomes filed a motion for leave to file a sur-reply regarding the first motion to dismiss. (Doc. 28.)

## ANALYSIS

Despite the parties' voluminous, repetitive, and procedurally inappropriate filings, there is a straightforward path for determining whether this case should proceed by focusing on the first motion to dismiss and Croomes's motion to amend. The court grants Croomes's motion for leave to file a response (Doc. 26) and motion to file a sur-reply (Doc. 28) and considers those filings in assessing the first motion to dismiss. As for the motion to amend, there is only the motion and response to consider. (Docs. 20, 22.) Because the motion to dismiss is granted and the motion to amend is denied as discussed below, the motions not connected to those motions are denied as moot. (Docs. 21, 24, 27.)

IntouchCX seeks dismissal of Croomes's claims in the operative complaint and opposes the motion to amend by arguing all her claims are untimely. (Doc. 17 at 3-5; Doc. 22 at 9-10.) Claims "may be dismissed as untimely . . . only when the running of the statute of limitations is apparent on the face of the complaint." *Thomas v. Cnty. of Humboldt, California*, 124 F.4th 1179, 1191 (9th Cir. 2024). And "leave to amend need not be granted when" the new claim would be "barred by the applicable statute of limitations." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018).

IntouchCX first argues most of Croomes's claims are untimely because Croomes waited too long to file her charge with the EEOC. In Arizona "the deadline for a complainant to file a claim with the EEOC is extended from the ordinary 180 days to 300 days if the complainant first initiates proceedings with the state agency." *Bond v. Wells Fargo Bank NA*, 782 F. Supp. 3d 743, 753 (D. Ariz. 2025). ACRA claims require the complainant "file a charge with the Arizona Civil Rights Division within 180 days of an

alleged violation." *Peterson v. City of Surprise*, 418 P.3d 1020, 1024 (Ariz. Ct. App. 2018). Croomes did not file her charge with the EEOC until May 8, 2024, meaning she cannot base her present Title VII claims on any discrete discriminatory acts that occurred prior to July 13, 2023 (*i.e.*, 300 days before May 8, 2024) nor can Croomes base her ACRA claims on any acts that occurred prior to November 10, 2023 (*i.e.*, 180 days before May 8, 2024).

Almost all of the allegedly discriminatory acts Croomes identifies occurred before July 2023, so they are time-barred whether viewed as Title VII or ACRA claims. But the time periods for filing a charge are "subject to equitable doctrines such as tolling or estoppel." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63, 65 (Ariz. Ct. App. 1997) (ACRA's 90-day period for filing complaint "is subject to waiver, estoppel, and equitable tolling"). Croomes has devoted significant portions of her filings to arguing she is entitled to equitable tolling of this period. (Doc. 20-2 at 7-8; Doc. 29 at 3-4.) Determining whether Croomes is entitled to equitable tolling would require an in-depth analysis that is unnecessary given Croomes's actions after receiving her right to sue.[1] Solely for purposes of this order the court assumes all the claims Croomes now wishes to pursue were timely raised with the EEOC.

The EEOC issued Croomes a right-to-sue notice on May 9, 2024 and Croomes does not dispute she received it on or around that date. *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125 (9th Cir. 2007) (noting most courts presume that an EEOC letter is received in three days). Croomes had ninety days from approximately May 9, 2024, to file suit. *Id.* at 1121. "[T]his ninety-day period operates as a limitations period." *Id.* So if Croomes did not file suit within ninety days of receiving her right-to-sue notice, her "action is time-barred." *Id.*

Even if Croomes did not receive the May 9, 2024, right-to-sue notice immediately, her time to file her Title VII claims expired sometime in August 2024. The present suit was

---

[1] Croomes may not have properly exhausted all of the claims she now wishes to pursue. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) ("The specific claims made in district court ordinarily must be presented to the EEOC."). But it is not necessary to reach this issue either because, even if she did raise such claims, she waited too long after receiving the right-to-sue notice.

- 6 -

not filed until July 2025, almost a full year too late.

Like the period for filing an EEOC charge, the ninety-day period for filing suit "is subject to waiver, estoppel, and equitable tolling." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (simplified). But Croomes does not provide any explanation for her delay in filing her Title VII claims once the EEOC issued the right-to-sue notice. If Croomes hoped to establish equitable tolling to allow her Title VII claims, she needed to show had been "prevented from asserting a claim by wrongful conduct on the part of the defendant, or . . . extraordinary circumstances beyond [her] control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Instead of that type of showing, Croomes merely states in conclusory fashion that her complaint "was filed within the timeframe allowed for [her] claims." (Doc. 23 at 2.) That is not sufficient. Croomes's Title VII claims in the operative complaint and in the proposed amended complaint are time-barred.

Croomes's claims under the Arizona Civil Rights Act are also time-barred. Unlike Title VII, claims under ACRA must be brought within one-year of when the charge was filed, not when the notice of right to sue was issued. A.R.S. § 41-1481(D). Here, Croomes filed her charge on May 8, 2024. So Croomes had one-year from May 8 to file suit but she did not do so until August 2025. Again, Croomes does not offer any explanation that might support equitable tolling. *Cox v. Glob. Tool Supply LLC*, 629 F. Supp. 3d 963, 970 (D. Ariz. 2022) (equitable tolling for purposes of ACRA requires showing plaintiff had "been prevented from filing in a timely manner due to sufficiently inequitable circumstances"). Croomes's ACRA claims are untimely by more than one year.

Croomes's current and proposed claims are time-barred so the motion to dismiss is granted and the motion to amend is denied. All motions not directly connected to those motions are denied as moot.

Accordingly,

**IT IS ORDERED** the Motion for Leave to File Response (Doc. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to File Sur-Reply (Doc. 28) is

1  **GRANTED**. The document lodged at Doc. 29 shall be filed.

2     **IT IS FURTHER ORDERED** the Motion to Dismiss (Doc. 17) is **GRANTED**.
3  The complaint is dismissed with prejudice. The Clerk of Court shall enter judgment in
4  favor of defendant and close this case.

5     **IT IS FURTHER ORDERED** the Motion for Leave to Amend (Doc. 20), Motion
6  to Dismiss (Doc. 21), Motion to Supplement (Doc. 24), and Motion for Clarification (Doc.
7  27) are **DENIED**.

8     Dated this 10th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge